UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff § | | |
| v. § | CRIMINAL NO. | |
| § | | |
| MICHAEL KNIGHTEN, § | Count 1 (Conspiracy | |
| a/k/a Michael Knighton § | 18 U.S.C. §1349) | |
| and Michael Sabatine, § | Counts 2 – 8 (Wire Fraud | |
| Defendant § | 18 U.S.C. §1343) | |
| § | Notice of Forfeiture | |



15CR299

United States Courts
Southern District of Texas
FILED

JUN 0 1 2015

David J. Bradley, Clerk of Court

**Filed Under Seal**

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

INDICTMENT

THE GRAND JURY CHARGES:

Count One
(Conspiracy, 18 U.S.C. § 1349)

A. INTRODUCTION

AT ALL TIMES MATERIAL HEREIN:

1. **Michael Knighten**, also known as Michael Knighton and Michael Sabatine, defendant herein, was a United States citizen, who lived in Brazil.

2. Westlake Chemical Corporation was a corporation, which had its principal place of business in Houston, Texas. Westlake Petrochemicals and Westlake CA & O Corporation were affiliated with and subsidiaries of Westlake Chemical Company.

3.   Bennu Oil and Gas LLC is a corporation, which had its principal place of business in Houston, Texas.

4.   Ceona Offshore is a corporation, which had its principal place of business in Great Britain.

B. THE SCHEME AND ARTIFICE

5.   From in or about April 2013, and continuing through the present, in the Houston Division of the Southern District of Texas and elsewhere,

**MICHAEL KNIGHTEN, a/k/a Michael Knighton and Michael Sabatine**

defendant herein, aided and abetted by others known and unknown to the grand jury, did knowingly combine, conspire, confederate and agree with another person known to the Grand Jury to commit the following offenses against the United States:

  a.   To knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and to knowingly transmit and cause to be transmitted in interstate and foreign commerce certain signs, signals and radio for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

C. THE MANNER AND MEANS OF THE CONSPIRACY

6. The conspiracy consisted essentially of a plan by defendant and his co-conspirators to obtain money from victim businesses in the United States and outside the United States by falsely representing that defendant and his co-conspirators worked for businesses to which the victim business owed money for work and services.

7. It was part of the conspiracy that the defendant and his co-conspirators would and did contact the victim businesses by email and falsely represent to be the point of contact for the business for which defendant and his co-conspirators fraudulently stated they worked.

8. It was part of the conspiracy that defendant and his co-conspirators would and did fraudulently represent that the business for whom they allegedly worked had revised its banking instructions.

9. It was part of the conspiracy that defendant and his co-conspirators would and did email or cause to be emailed to the victim business an invoice for work performed by the business they fraudulently stated they represented.

10. It was part of the conspiracy that defendant and his co-conspirators would and did fraudulently cause the victim business to send payments electronically, according to the banking instructions defendant and his co-conspirators had previously provided.

D. <u>EXECUTION OF THE CONSPIRACY</u>

To achieve the purpose of the conspiracy, defendant and his co-conspirators, in the Southern District of Texas and elsewhere committed the following acts in in furtherance of the conspiracy:

(1) On or about or about April 1, 2013, defendant and his co-conspirators sent and caused to be sent an email from Brazil to Westlake Chemical Company in Houston, Texas, directing payments due to a vendor of Westlake Chemical Company to an account at Wells Fargo Bank which was not associated with the vendor.

(2) On or about April 15, 2013, defendant and his co-conspirators caused an ACH Transfer in the amount of $637,160 from the account of Westlake Petrochemicals to be transmitted electronically from Houston, Texas, to Winston-Salem, North Carolina for credit to an account at Wells Fargo Bank.

(3) On or about May 10, 2013, defendant and his co-conspirators caused an ACH Transfer in the amount of $625,400 from the account of Westlake CA & O Corporation to be transmitted electronically from Houston, Texas, to Winston-Salem, North Carolina for credit to an account at Wells Fargo Bank.

(4) On or about March 18, 2014, defendant and his co-conspirators sent and caused to be sent an email from Brazil to Bennu Oil and Gas LLC in Houston,

Texas, stating ". . . we have revised our banking instructions to properly credit your payment. Instructions will follow tomorrow. Kind regards, Michael Sabatine, Financial Director, Ceona Offshore."

(5) On or about May 14, 2014, defendant and his co-conspirators sent and caused to be sent an email from Brazil to Bennu Oil and Gas LLC in Houston, Texas, containing invoices and banking information for GDOF Ceona Offshore at Banco Espirito Santo.

(6) On or about May 14, 2014, defendant and his co-conspirators sent and caused to be sent an email from Brazil to Bennu Oil and Gas LLC in Houston, Texas, stating an invoice for Milestone 2 would be sent tomorrow.

(7) On or about May 20, 2014, defendant and his co-conspirators sent and caused to be sent an email from Brazil to Bennu Oil and Gas LLC in Houston, Texas, which contained an invoice for Milestone 2.

(8) On or about May 20, 2014, defendant and his co-conspirators caused to be sent electronically a RSA Token from Bennu Oil and Gas LLC in Houston, Texas, to J P Morgan Chase Bank in Tampa, Florida, to set up a wire transfer in the amount of $651,125 to the account of GDOF Ceona Offshore at Banco Espirito Santo.

In violation of Title 18, United States Code, Sections 1349.

## Counts Two through Eight
(Wire Fraud, 18 U.S.C. § 1343)

A. INTRODUCTION

AT ALL TIMES MATERIAL HEREIN:

1. The Grand Jury realleges the allegations set out in paragraphs 1 through 4 of Count One as is fully set out at length herein.

B. THE SCHEME AND ARTIFICE

2. From in or about April 2013, and continuing through the present, in the Houston Division of the Southern District of Texas and elsewhere,

**MICHAEL KNIGHTEN, a/k/a Michael Knighton and
Michael Sabatine**

defendant herein, aided and abetted by others known and unknown to the grand jury, did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain moneys by means of material false and fraudulent pretenses, representations and promises, including the concealment of material facts.

C. THE MANNER AND MEANS OF THE SCHEME AND ARTIFICE

3. The scheme and artifice consisted essentially of a plan by defendant and others known and unknown to the grand jury to obtain money from victim businesses in the United States and outside the United States by falsely representing that defendant and others known and unknown to the grand jury worked for

businesses to whom the victim business owed money for work and services.

4. It was part of the scheme and artifice that the defendant and others known and unknown to the grand jury would and did contact the victim businesses by email and falsely represent to be the point of contact for the business for whom defendant and others known and unknown to the grand jury fraudulently stated they worked.

5. It was part of the scheme and artifice that defendant and others known and unknown to the grand jury would and did fraudulently represent that the business for whom they allegedly worked had revised its banking instructions.

6. It was part of the scheme and artifice that the defendant and others known and unknown to the grand jury would and did email or cause to be emailed to the victim business an invoice for work performed by the business they fraudulently stated they represented.

7. It was part of the scheme and artifice that the defendant and others known and unknown to the grand jury would and did fraudulently cause the victim business to send payments electronically, according to the banking instructions defendant and other known and unknown to the grand jury had previously provided.

D. EXECUTION OF THE SCHEME AND ARTIFICE

8. On or about the dates set out in the counts below, in the Southern District of Texas, and elsewhere,

## MICHAEL KNIGHTEN, a/k/a Michael Knighton and Michael Sabatine,

defendant, aided and abetted by others known and unknown to the grand jury, for the purposes of executing the aforesaid scheme and artifice to defraud and intending to do so, and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, including the concealment of material facts, did knowingly transmit and cause to be transmitted by means of wire, radio and television communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, as described below:

| COUNT | DATE | TO | TRANSMISSION |
|---|---|---|---|
| Count Two | April 1, 2013 | Houston, Texas | Email from Julian Waldron in Brazil |
| Count Three | April 15, 2013 | Winston-Salem, North Carolina | ACH Transfer Request from Houston, Texas |
| Count Four | May 10, 2013 | Winston-Salem, North Carolina | ACH Transfer Request from Houston, Texas |
| Count Five | March 18, 2014 | Houston, Texas | Email from Michael Sabatine in Brazil |
| Count Six | May 14, 2014 | Houston, Texas | Email from Michael Sabatine in Brazil |
| Count Seven | May 20, 2014 | Houston, Texas | Email from Michael Sabatine in Brazil |

| Count Eight | May 20, 2014 | Tampa, Florida | RSA Token from Houston, Texas |

In violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF FORFEITURE
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice to the Defendant

**MICHAEL KNIGHTEN, a/k/a Michael Knighton and Michael Sabatine,**

that upon conviction for conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count 1, and upon conviction for wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts 2 through 8, all property which constitutes or is derived from proceeds traceable to such violations shall be forfeited to the United States.

### Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## SUBSTITUTE ASSETS

In the event that the property subject to forfeiture as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been placed beyond the jurisdiction of the Court;

c. has been transferred or sold to, or deposited with a third party;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL:

Original Signature on File

/FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: John R. Braddock
JOHN R. BRADDOCK
Assistant United States Attorney